Tbe opinion of tbe Court was delivered by
Wardlaw, J.
Tbe case of Roberts vs. Roberts, 8 Ricb. 14, was, in all material circumstances, identical with tbe one now before us, — a rule against tbe Sheriff at tbe instance of a separate creditor, under which a partnership creditor, without *22 notice to bim, so far as can be perceived, was deprived of the lien wbicb bis execution against tbe firm bad upon tbe property of the defendant, who was one of tbe partners. When tbe present case was first argued before this Court of Appeals in May last, tbe attention of tbe Court was called to cases in our Court of Equity, wbicb bad fully considered tbe question, and decided that a separate creditor of one partner was not, in reference to the estate and effects of that partner, entitled to precede a creditor of the firm. Wardlaw vs. Gray, Dud. Eq. 112; Fleming vs. Billings & Belk, 9 Rich. Eq. *23 149; Gadsden vs. Carson, 9 Rich. Eq. 257, 267; Wilson vs. McConnell, 9 Rich. Eq. 510. In the hope of effecting uniformity of decision on this subject, this Court referred to the Court of Errors the question whether a separate creditor had such right to primary payment out of the effects of a partner, his debtor, as would override the prior lien of a partnership creditor.
That question was, during our present sitting, argued before all the Judges assembled in the Court of Errors. For the separate creditor, it was argued that the rule — partnership *24 effects are primarily liable to partnership creditors, and separate estate to separate creditors — is drawn from the Boman law, and tbe first branch of it which gives a preference to partnership creditors with respect to partnership effects prevails universally and is undisputed: that the converse of the rule, under which preference is given to separate creditors with respect to separate effects, may be found to have been decided in England as early as 1715, and was probably held there long before; — prevailed there uniformly for 70 years, (in which is embraced the whole period of Lord Hardwicke’s chancellorship) until it was reversed by Lord Thurlow in 1785; — was there re-established by Lord Loug-borough in 1796, and has ever since had the sanction of successive Chancellors; — was recognized in this State as early as 1797, ( Woodrop vs. Price, 3 Dess. 207;) and often afterwards acted on, (Hall vs. Hall, 2 McC. Ch. 302,) especially in a case now in manuscript, (Sniffer & Paxton vs. Admrs. of Sass,) where Judge Nott, in 1828, made a careful examination of *25 the whole subject; prevails in New York, Massachusetts, and Maryland, and in 1850 was, in the Supreme Court of the United States, firmly established in an able opinion pronounced by Judge Daniel. Murrill vs. Neill, 8 How. 414.
Eor the partnership creditors it was argued, that the preference given to partnership creditors, with respect to partnership effects, results from the right subsisting between the partners, under which each partner is entitled to only his share of the surplus after payment of the debts and settlement of the accounts of the firm, which share is all that can be reached by a separate creditor under his execution against one partner; that the converse of the rule cannot be referred to the same principles — is sometimes in equity the result of the doctrine that he who can resort to either of two funds shall not be permitted to interfere with those who are confined to one — but where there is no fund remaining but the separate estate, has no support even in equity, by which it could resist the lien which a senior execution of a partnership creditor *26 has upon the estate of every member of the firm; that reasons have been suggested such as these: in extending credit a partnership creditor looks to the firm, a separate creditor to the separate estate; credit given to the firm increases its means, credit given to the separate partner increases his means; but these are fanciful, and contrary to what every one acquainted with partnerships in rural districts knows tobe true; that the case of Wardlaw vs. Gray established in 1837 the right of partnership creditors, after exhaustion of the partnership effects, to come in pan passu with separate creditors in the distribution pro rata of the estate of a deceased partner, and so the Courts of Equity in this State have ever since administered the rule, having carefully re-examined the subject in 1856-7 in the three cases, 9 Rich. Eq;, before cited; that the converse of the rule grew up in the English Court of Bankruptcy, where it was adopted for its convenience, and has been there extended to the Courts of Equity by Chancellors presiding in both Bankruptcy and Equity, but even in the distribution of assets in the power of a Court of Equity does not control prior liens: if ever recognized at law, it could not be applied in a Court' of Law with a just regard to the rights of all parties.
The Court of Errors attained no satisfactory conclusion respecting the rule which should prevail in equity in the distribution of separate effects between separate and partnership creditors; but the Judges were nearly, if not entirely, unanimous in the opinion that at law the supposed preference given to a separate creditor should not be allowed to prevail against a prior lien acquired by a partnership creditor. They considered the case of Roberts vs. Roberts as one inconsiderately adjudged, sustained by no previous decision in the State, and rather oppugned by the effect which in Wilson vs. Bowden, cited for its support, was given to the legal rights of the as-signee. This case was then withdrawn from the Court of Errors, and is now decided by this Court.
*27 After what has taken, place, the case of Roberts vs. Roberts no longer controls us. That case was probably submitted without argument, and decided under misapprehension. Of those who signed the hasty opinion given in it, no one now living, who has spoken about it, has the least remembrance of it. The other cases at law found in our reports (Crawford vs. Baum, 12 Rich. 75; White vs. Union Co., 1 N. & McC. 517) show that partnership creditors must be satisfied before any portion of a partner’s, share of the surplus can go to his separate creditor; for the separate creditor can sue but one, whereas to partnership creditors all are bound, and it is the right of the partners who are not indebted to the separate creditor, that the partnership debts should be paid. If there is an equity which gives to the separate creditor a preference as to separate effects, in a Court of Equity only can such equity be projected — for there only can all persons interested be made parties, and the proper inquiries concerning the partnership effects, and disposition of effects of both kinds, be had. Every case which has been cited to sustain what is called the converse of the rule is an equity case. At law the firm and every partner in it is bound for a partnership debt. The liability is said to be joint and several.; but the contract is joint only. Suits against partners severally could not be sustained. Each of them is the agent of the others, and the law makes no distinction between an execution against them as partners and one against them as joint contractors acting each for himself. (See cases cited, 11 Rich. L. 730.) Either execution has a lien upon the goods of every one of them, and satisfaction of either execution may be exacted from any one of them, leaving him to compel contribution from the others.
We know not here that there are any partnership effects, or that the estate of the separate creditor is not sufficient to satisfy creditors of both kinds. It has been further suggested in argument that we have no certain information that H. Kuhne is really a separate creditor, for it is said that Law’s *28 note was given for goods purchased by the firm. This insufficiency of our information strengthens the argument against the attempt of a Court of Law in any form to maintain a separate creditor’s supposed equity; but it is specially influential in a case like this, brought forward by a rule on the Sheriff, in which no order in favor of the separate creditor could be made, that would conclude partnership creditors no parties to it, or would secure the Sheriff. The propriety of leaving, to be determined in actions between the parties, their opposing rights thus brought before the Court by rule on the Sheriff, has frequently been held, (Cooper vs. Scott, 2 McM. 155; Dawkins vs. Pearson, 2 Bail. 619; Cannady vs. Odum, 2 Rich. 528,) and might of itself have availed for the dismissal of this rule, had not the case of Roberts vs. Roberts stood as a precedent; which, in the first place, we were required to remove.
The motion is dismissed.
Bunkin, C. J., and Inglis, A. J., concurred.

Motion dismissed.